UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X
TWIN CITY FIRE INSURANCE COMPANY,          :
                                           :
                Plaintiff,                 :
                                           :        No. _____
                vs.                        :
                                           :
CLEARVIEW AI, INC., HOAN TON-THAT, AND     :
RICHARD SCHWARTZ,                          :
                                           :
                Defendants.                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff TWIN CITY FIRE INSURANCE COMPANY ("Twin City") by its attorneys, Katherine E. Tammaro, Michael J. Duffy, and Michael J. O'Malley of Wilson Elser Moskowitz Edelman & Dicker LLP, for its Complaint for Declaratory Judgment against Defendant CLEARVIEW AI, INC. ("Clearview"), HOAN TON-THAT ("Ton-That") and RICHARD SCHWARTZ ("Schwartz"), and collectively, the "Clearview Defendants" states as follows:

## STATEMENT OF CASE

1.      This action seeks a declaration, pursuant to 28 U.S.C. §2201, that Twin City owes no duty to defend or indemnify the Clearview Defendants in connection with any and/or all of the following six putative class action lawsuits (collectively, the "Underlying Lawsuits"):

- *David Mutnick et al. v. Clearview AI, Inc. et al.*, Civil Action No. 1:20-cv-00512 (N.D. Ill. Jan. 22, 2020) (the "*Mutnick* Lawsuit");

- *Shelby Selonis Roberson et al. v Clearview AI, Inc.*, Civil Action No. 1:20-cv-00111 (E.D. Va. Feb. 2, 2020) (the "*Roberson* Lawsuit")

- *Anthony Hall et al. v. Clearview AI, Inc. et al.*, Civil Action No. 1:20-cv-00846 (N.D. Ill. Feb. 5, 2020) (the "*Hall* Lawsuit");

- *Mario Calderon et al. v. Clearview AI, Inc. et al.*, Civil Action No. 1:20-cv-01296 (S.D.N.Y. Feb. 13, 2020) (the "*Calderon* Lawsuit");

- *Sean Burke et al. v. Clearview AI, Inc. et al.*, Civil Action No. 1:20-cv-0270 (S.D. Cal. Feb. 27, 2020) (the "*Burke* Lawsuit"); and

- *Maria Broccolino et al. v. Clearview AI, Inc.*, Civil Action No. 1:20-cv-02222 (S.D.N.Y March 13, 2020) (the "*Broccolino* Lawsuit").

## PARTIES, JURISDICTION, AND VENUE

2.      Twin City is an insurance corporation existing under the laws of Indiana with its principal place of business in Connecticut.

3.      Clearview is a private corporation existing under the laws of Delaware with its principal place of business in New York, New York.

4.      Ton-That is an individual and a citizen of New York.

5.      Schwartz is an individual and a citizen of New York.

6.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because this is a civil action founded on diversity of citizenship, the Clearview Defendants are citizens of this District and do business within this District, and because this case involves coverage under an insurance policy issued in this District.

## FACTS

8.      On January 22, 2020, David Mutnick, individually and on behalf of others similarly situated, commenced the *Mutnick* Lawsuit in the Northern District of Illinois, claiming Clearview,

2

Ton-That, and Schwartz impermissibly obtained and used putative class members' photographs. The *Mutnick* Lawsuit alleges a violation of First Amendment rights, a violation of Fourth Amendment Rights, a violation of the Fourteenth Amendment, a violation of the Contracts Clause in the Constitution, various violations of the Illinois Biometric Information Privacy Act ("BIPA"), and unjust enrichment. The *Mutnick* Lawsuit also seeks an expungement of records as well as injunctive relief. A copy of the Complaint in *Mutnick* Lawsuit is attached as "**Exhibit A**."

9.     On February 2, 2020, Shelby Selonis Roberson, individually and on behalf of others similarly situated, commenced the *Roberson* Lawsuit in the Eastern District of Virginia, claiming Clearview impermissibly obtained and used putative class members' photographs. The *Roberson* Lawsuit alleges a violation of Virginia Code § 8.01-40 (Unauthorized use of name or picture of any person) and violations of the Virginia Computer Crimes Act. A copy of the Complaint in the *Roberson* Lawsuit is attached as "**Exhibit B**."

10.    On February 5, 2020, Anthony Hall, individually and on behalf of others similarly situated, commenced the *Hall* Lawsuit in the Northern District of Illinois, claiming Clearview impermissibly obtained and used putative class members' photographs. The *Hall* Lawsuit alleges a violation of BIPA, a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), and civil conversion. The *Hall* Lawsuit also seeks declaratory and injunctive relief. A copy of the Complaint in the *Hall* Lawsuit is attached as "**Exhibit C**."

11.    On February 13, 2020, Mario Calderon and Jennifer Rocio, individually and on behalf of others similarly situated, commenced the *Calderon* Lawsuit in the Southern District of New York, claiming Clearview unlawfully collected, stored, and used individuals' biometric

identifiers. The *Calderon* Lawsuit alleges a violation of BIPA and seeks injunctive relief. A copy of the Complaint in the *Calderon* Lawsuit is attached as "**Exhibit D**."

12.      On February 27, 2020, Sean Burke and James Pomerene, individually and on behalf of others similarly situated, commenced the *Burke* Lawsuit in the Southern District of California, claiming Clearview violated multiple privacy laws by collecting biometric information. The *Burke* Lawsuit alleges a violation of California's Unfair Competition Law, Business & Professions Code § 17200, *et seq*. (California Consumer Privacy Act of 2018), a violation of California Civil Code § 3344(a) (Commercial Misappropriation), unjust enrichment, and a violation of BIPA. The *Burke* Lawsuit also seeks injunctive relief. A copy of the Complaint in the *Burke* Lawsuit is attached as "**Exhibit E.**"

13.      On March 13, 2020, Maria Broccolino, on behalf of herself and all others similarly situated, commenced the *Broccolino* Lawsuit in the Southern District of New York, alleging Clearview violated multiple provisions of BIPA and asserting an unjust enrichment cause of action. The *Broccolino* Lawsuit also seeks injunctive relief. A copy of the Complaint in the *Broccolino* Lawsuit is attached as "**Exhibit F.**"

14.      On or about February 24, 2020, Clearview tendered the *Mutnick*, *Roberson*, and *Hall* Lawsuits to Twin City, requesting defense and indemnity with respect to those claims.

15.      Upon information and belief, Clearview will imminently request from Twin City defense and indemnity with regard to its alleged liability in the *Calderon*, *Burke* and *Broccolino* Lawsuits.

16.      Twin City denies that it owes a duty to defend or indemnify the Clearview Defendants in the Underlying Lawsuits.

17.     An actual and justiciable controversy exists between Twin City and the Clearview Defendants as to the availability of insurance coverage for the Clearview Defendants with respect to the Underlying Lawsuit under the Twin City Policy. Pursuant to the Federal Declaratory Judgment Act, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

**THE TWIN CITY POLICY**

18.     Subject to all its terms and conditions, Twin City issued a policy of liability insurance to Clearview bearing policy number 10 SBA BF4296 SB effective from August 1, 2019 through August 1, 2020 (the "Twin City Policy").  A copy of the Twin City Policy is attached hereto as **"Exhibit G."**  The Twin City Policy also provides, subject to all its terms and conditions, certain umbrella coverage.  (Ex. G).

***A.     Primary Coverage***

19.     Section A.1.a. of the Primary Business Liability Coverage in the Twin City Policy, Form SS 00 08 04 05, is amended, in part, by Endorsement SS 01 26 08 18 at p. 7 of 11, and provides:

**III.**   The following provisions modify the **BUSINESS LIABILITY COVERAGE FORM**.

    **A.**   The first paragraph of provision **A.1.a.** is deleted and replaced by the following:

        a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit"' are groundless, false or fraudulent. However, we will have no duty

5

> to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.

(Ex. G).

20.     The Primary Business Liability Coverage in the Twin City Policy Form SS 00 08 04 05 **A.1.b.** states:

> b.     This insurance applies:
>
> (1)     To "bodily injury" and "property damage" only if:
>
> (a)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> (b)     The "bodily injury" or "property damage" occurs during the policy period; and
>
> (c)     Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you or to give or receive notice of any "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

    (2)    To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense is committed in the "coverage territory" during the policy period.

    c.    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section C. – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

    (1)    Reports all or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    (2)    Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    (3)    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

(Ex. G).

21.    The Primary Business Liability Coverage in the Twin City Policy Form SS 00 08 04

05 is amended by Endorsement Form SS 50 50 12 01 and provides:

**PERSONAL AND ADVERTISING INJURY EXCLUSION - LIMITED**

This endorsement modifies insurance provided under the following:

**BUSINESS LIABILITY COVERAGE FORM**

This insurance does not apply to "personal and advertising injury" and none of the references to "personal and advertising injury" in the policy apply.

This exclusion does not apply to "personal and advertising injury" arising out of the following offenses:

    a.   False arrest, detention or imprisonment;

    b.  Malicious prosecution; or

    c.  The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that the person occupies, committed by or on behalf of its owner, landlord or lessor.

22.    The Primary Business Liability Coverage in the Twin City Policy Form SS 00 08 04 05 contains the following definitions:

**G.**    **LIABILITY AND MEDICAL EXPENSES DEFINITIONS**

\* \* \*

5.    "Bodily injury" means physical:

    a.    Injury;
    b.    Sickness; or
    c.    Disease

sustained by a person and, if arising out of the above, mental anguish or death at any time.

\* \* \*

7.    "Electronic data" means information, facts or programs:
    a.    Stored as or on;
    b.    Created or used on; or
    c.    Transmitted to or from

computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

\* \* \*

16.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

20.    "Property Damage" means:

2775714v.1

a.      Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.      Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of "occurrence" that caused it.

As used in this definition, "electronic data" is not tangible property.

23.     The Primary Business Liability Coverage in the Twin City Policy Form SS 00 08 04 05 provides:

**B.      EXCLUSIONS**

**1.      Applicable to Business Liability Coverage**

This insurance does not apply to:

**a.      Expected of Intended Injury**

**(1)**     "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

**(2)**     "Personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury".

**b.      Contractual Liability**

(1)     "Bodily injury" or "property damage"; or
(2)     "Personal and advertising injury"

for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

This exclusion does not apply to liability for damages because of:

(a)     "Bodily injury", "property damage: or "personal and advertising injury" that the insured would have in the absence of the contract or agreement;

9

\* \* \*

**p.**     **Personal And Advertising Injury**

**"Personal and advertising injury":**

\* \* \*

**(2)**     Arising out of oral, written or electronic publication of material whose first publication took place before the beginning of the policy period;

\* \* \*

**(11)**     Arising out of the violation of a person's right of privacy created by any state or federal act.

However, this exclusion does not apply to liability for damages that the insured would have in the absence of such state or federal act;

\* \* \*

**t.**     **Violation of Statutes That Govern E-Mails, Fax, Phone Calls Or Other Methods of Sending Material Or Information**

"Bodily injury", "property damage" or "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**(1)** The Telephone Consumer Protection Act ("TCPA"), including any amendment of or addition to such law;

**(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

**(3)** Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

(Ex. G).

24.     The "professional services exclusion" set forth in the Primary Business Liability

Coverage in the Twin City Policy Form SS 00 08 04 05 excludes from coverage the following:

**j.     Professional Services**

"Bodily injury", "property damage" or "personal and advertising injury"
arising out of the rendering of or failure to render any professional service.
This includes but is not limited to:

* * *

(11)    Computer consulting, design or programing services, including web
site design.

* * *

25.     However, the "professional services exclusion" is amended via the Technology

Services Extension Endorsement, Form SS 40 59 03 16, which states:

**A.  AMENDMENT OF EXCLUSION**

The following changes are made to Section **B., Exclusions**, of the Business
Liability Coverage Form:

1.  The following is added to Exclusion **B.1.j., Professional Services**:

This exclusion does not apply to "bodily injury" or "property damage"
arising out of the insured's "technology services".

* * *

26.     The Business Liability Coverage in the Twin City Policy Amendatory Endorsement,

Form SS 00 60 09 15, provides:

C.      Subparagraph 1.q. "Electronic Data" of Section B. **Exclusions** is deleted and
replaced with the following:

**q.      Access Or Disclosure Of Confidential Information And Data–related
Liability**

(1)     Damages, other than damages because of "personal and
advertising injury" arising out of any access or disclosure of any

11

person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit care information, health information or any other type of nonpublic information; or

(2)     Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of that which is described in Paragraph (1) or (2) above.

(Ex. G).

27.     The Business Liability Coverage in the Twin City Policy Amendatory Endorsement,

Form SS 00 60 09 15, states:

**A.**     Sub-subparagraphs 1.p.(7), (8), (15) of Paragraph 2., of Section B. **Exclusions** are deleted and replaced with the following:

**p.     Personal and Advertising Injury:**

(7)     (a) Arising out of any actual or alleged infringement or violation of any intellectual property right, such as copyright, patent, trademark, trade name, trade secret, service mark or other designation of origin or authenticity; or

(b) Any injury or damage alleged in any claim or "suit" that also alleges an infringement or violation of any intellectual property right, whether such allegation of infringement or violation is made by you or by any other party involved in the claim or "suit", regardless of whether this insurance would otherwise apply.

However, this exclusion does not apply if the only allegation in the claim or "suit" involving any intellectual property right is limited to:

(1) Infringement, in your 'advertisement', of:

(a)  Copyright;
(b)  Slogan; or
(c)  Title of any literary or artistic work; or

12

(2) Copying, in your 'advertisement', a person's or organization's 'advertising idea' or style of 'advertisement'.

(8)   Arising out of an offense committed by an insured whose business is:

(a) Advertising, broadcasting, publishing or telecasting;
(b) Designing or determining content of web sites for others; or
(c) An Internet search, access, content or service provider.

However, this exclusion does not apply to Paragraphs a., b., and c. of the definition of "personal and advertising injury" under the Definitions Section.

For the purposes of this exclusion, the placing of frames, borders or links, or advertising, for you or others anywhere on the Internet, is not by itself, considered the business of advertising, broadcasting, publishing or telecasting.

(15)   Arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information. This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

(Ex. G).

**B.   _Umbrella Coverage_**

28.   The Umbrella Coverage in the Twin City Policy, Form SX 80 02 04 05, states:

**A. Umbrella Liability Insurance**

**1.**   We will pay those sums that the "insured" becomes legally obligated to pay as "damages" in excess of the "underlying insurance" or of the "self-insured retention" when no "underlying insurance" applies, because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies caused by an "occurrence".

13

\* \* \*

**2.** This insurance applies to "bodily injury", "property damage" or "personal and advertising injury" only if:

a. The "bodily injury", "property damage" or "personal and advertising injury" occurs during the "policy period";

\* \* \*

(Ex. G).

29. The Extension of Coverage Endorsement, Form 22 10 10 08, modifies the definition of "occurrence" with regard to the Umbrella Coverage, stating:

The "Occurrence" definition is deleted and replaced by the following:

**H.** "Occurrence" means"

1. With respect to "bodily injury" or "property damage:" an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which result in "bodily injury" or "property damage" neither expected nor intended from the standpoint of the "insured."

\* \* \*

2. With respect to "personal and advertising injury": an offense described in one of the numbered subdivisions of that definition in the "underlying insurance".

(Ex. G).

30. The Umbrella Coverage in the Twin City Policy is modified by the Following Form Endorsement – Personal And Advertising Injury, Form SX 24 33 06 10, which provides:

Exclusion **B.4 (Section 1- Coverages)**, is replaced by the following:

**4. Personal and Advertising Injury**

This policy does not apply to "personal and advertising injury".

14

**EXCEPTION**

This exclusion does not apply to the extent that coverage for such "personal and advertising injury" is provided in the "underlying insurance", but in no event shall any "personal and advertising injury" coverage provided under this policy apply to any claim or "suit" to which "underlying insurance" does not apply. Any coverage restored by this EXCEPTION applies only to the extent that such coverage provided by the "underlying insurance" is maintained having limits as set forth in the Schedule of Underlying Insurance Policies.

(Ex. G).

31. The Umbrella Coverage in the Twin City Policy is also modified by the endorsement entitled Exclusion – Access or Disclosure Of Confidential Or Personal Information And Data Related Liability – With Limited Bodily Injury Exception, Form SX 23 15 12 15, which states:

**A.** The following is added to **Exclusions, B.4 Personal and Advertising Injury** of Section 1-Coverages:

This insurance does not apply to:

**Access Or Disclosure Of Confidential Or Personal Information**

"Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

This exclusion applies even if damages are claim for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

**B.** Exclusion B.22 Electronic Data of SECTION 1 – COVERAGES is deleted and replaced with the following:

**22. Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability**

Damages arising out of:

15

(1) Any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information;

(Ex. G).

32. The Umbrella Coverage in the Twin City Policy, Form SX 80 02 04 05, also states:

**B.** Exclusions

This policy does not apply to:

* * *

**3. Contractual Liability**

Liability assumed by the "insured" under any contract or agreement with respect to an "occurrence" taking place before the contract or agreement is executed.

* * *

**14. Expected or Intended**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".

* * *

**24. Violation of Statutes That Govern E-Mails, Fax, Phone Calls Or Other Methods of Sending Material Or Information**

"Bodily injury", "property damage" or "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**a.** The Telephone Consumer Protection Act ("TCPA"), including any amendment of or addition to such law;

**b.** The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

16

> **c.** Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

(Ex. G).

## COUNT I
## NO "BODILY INJURY" OR "PROPERTY DAMAGE" CAUSED BY AN "OCCURRENCE" (PRIMARY AND UMBRELLA COVERAGE)

33.     Twin City incorporates and restates the allegations of Paragraphs 1 through 32 above as if fully set forth herein.

34.     Subject to all of its terms, and under both the Primary and Umbrella Coverages, the Twin City Policy only provides coverage for claims for "damages" because of "bodily injury" or "property damage" caused by an "occurrence" as those terms are defined and used in the Twin City Policy.

35.     The claims in the Underlying Lawsuits do not concern claims for "damages" because of "bodily injury" or "property damage" caused by an "occurrence".

36.     Accordingly, Twin City owes no defense or indemnity obligations to the Clearview Defendants under the "bodily injury" or "property damage" coverage of either the Primary or Umbrella Coverages in Twin City Policy for the claims against the Clearview Defendants in the Underlying Lawsuits.

WHEREFORE, Plaintiff, TWIN CITY FIRE INSURANCE COMPANY, prays that this Court enter the following relief:

A.     A declaration finding that TWIN CITY FIRE INSURANCE COMPANY owes no duty to defend or indemnify the Clearview Defendants for the claims against them in any of the Underlying Lawsuits; and

17

B.      For all such just and equitable relief, including costs of this suit.

**COUNT II**
**NO "PERSONAL OR ADVERTISING INJURY"**
**(PRIMARY AND UMBRELLA COVERAGE)**

37.      Twin City incorporates and restates the allegations of Paragraphs 1 through 32 above as if fully set forth herein.

38.      Subject to all of its terms and under both the Primary and Umbrella Coverages, the Twin City Policy provides coverage for claims for "damages" because of only three defined "Personal and Advertising Injury" offenses: (i) false arrest, detention or imprisonment; (ii) malicious prosecution; or (iii) the wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that the person occupies, committed by or on behalf of its owner, landlord or lessor.

39.      The claims in the Underlying Lawsuits do not concern claims for damages because of "Personal and Advertising Injury" as defined in the Twin City Policy.

40.      Accordingly, Twin City owes no defense or indemnity obligations to the Clearview Defendants under the "Personal and Advertising Injury" coverage of either the Primary or Umbrella Coverage in Twin City Policy for the claims against the Clearview Defendants in the Underlying Lawsuits.

WHEREFORE, Plaintiff, TWIN CITY FIRE INSURANCE COMPANY, prays that this Court enter the following relief:

A.      A declaration finding that TWIN CITY FIRE INSURANCE COMPANY owes no duty to defend or indemnify the Clearview Defendants for the claims against them in any of the Underlying Lawsuits; and

B.     For all such just and equitable relief, including costs of this suit.

**COUNT III**
**ACCESS OR DISCLOSURE OF CONFIDENTIAL INFORMATION AND DATA-RELATED LIABIITY**
**EXCLUSION – DAMAGES OTHER THAN PERSONAL AND ADVERTISING INJURY**
**(PRIMARY COVERAGE)**

41.     Twin City incorporates and restates the allegations of Paragraphs 1 through 32 above as if fully set forth herein.

42.     The Primary Coverage, as amended by the Business Liability Coverage Form Amendatory Endorsement, Form SS 00 60 09 15, excludes from coverage: (i) damages, other than damages because of "Personal and Advertising Injury" arising out of any access or disclosure of any person's or organization's confidential or personal information; and (ii) damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

43.     Even if the claims in the Underlying Lawsuits alleged "bodily injury" or "property damage", which Twin City denies, the claims in the Underlying Lawsuits are barred by the Access or Disclosure of Confidential Information and Data-related Liability Exclusion set forth in the Business Liability Coverage Form Amendatory Endorsement, Form SS 00 60 09 15 in the Twin City Policy.

44.     Accordingly, Twin City owes no defense or indemnity obligations to the Clearview Defendants for any such claims under the Primary Coverage Form of the Twin City Policy for the claims against the Clearview Defendants in the Underlying Lawsuits.

WHEREFORE, Plaintiff, TWIN CITY FIRE INSURANCE COMPANY, prays that this Court enter the following relief:

2775714v.1

A.       A declaration finding that TWIN CITY FIRE INSURANCE COMPANY owes no duty to defend or indemnify the Clearview Defendants for the claims against them in any of the Underlying Lawsuits; and

B.       For all such just and equitable relief, including costs of this suit.

## COUNT IV
## ACCESS OR DISCLOSURE OF CONFIDENTIAL INFORMATION AND DATA-RELATED LIABILITY EXCLUSION – PERSONAL AND ADVERTISING INJURY
## (PRIMARY COVERAGE)

45.      Twin City incorporates and restates the allegations of Paragraphs 1 through 32 above as if fully set forth herein.

46.      Exclusion p.(15) of the Primary Coverage, as amended by the Business Liability Coverage Form Amendatory Endorsement (SS 00 60 09 15), excludes from coverage "personal and advertising injury" arising out of any access or disclosure of any person's or organization's confidential or personal information.

47.      Even if the claims in the Underlying Lawsuits alleged "personal and advertising injury", which Twin City denies, the claims in the Underlying Lawsuits are barred by the Access or Disclosure of Confidential Information and Data-related Liability Exclusion set forth in p.(15), as amended.

48.      Accordingly, Twin City owes no defense or indemnity obligations to the Clearview Defendants for any such claims under the Primary Coverage Form of the Twin City Policy for the claims against the Clearview Defendants in the Underlying Lawsuits.

WHEREFORE, Plaintiff, TWIN CITY FIRE INSURANCE COMPANY, prays that this Court enter the following relief:

A.      A declaration finding that TWIN CITY FIRE INSURANCE COMPANY owes no duty to defend or indemnify the Clearview Defendants for the claims against them in any of the Underlying Lawsuits; and

B.      For all such just and equitable relief, including costs of this suit.

**COUNT V**
**ACCESS OR DISCLOSURE OF CONFIDENTIAL OR PERSONAL INFORMATION AND DATA RELATED LIABIITY – WITH LIMITED BODILY INJURY EXCEPTION EXCLUSION FORM SX 23 15 12 15 (UMBRELLA COVERAGE)**

49.     Twin City incorporates and restates the allegations of Paragraphs 1 through 32 above as if fully set forth herein.

50.     Exclusion B.22 of the Umbrella Coverage, as amended by the endorsement entitled Exclusion – Access of Disclosure Of Confidential Or Personal Information And Data Related Liability – With Limited Bodily Injury Exception, Form SX 23 15 12 15, excludes from coverage: (1) "Personal and Advertising Injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information; and (2) any damages arising out of any access to or disclosure of any person's or organization's confidential or personal information.

51.     Even if the claims in the Underlying Lawsuits alleged "property damage" or "personal and advertising injury", which Twin City denies, all of the claims in the Underlying Lawsuits arise out of access to or disclosure of a person's or organization's confidential or personal information.

52.     Accordingly, Twin City owes no defense or indemnity obligations to the Clearview Defendants under either the Umbrella Coverage in Twin City Policy for the claims against the Clearview Defendants in the Underlying Lawsuits.

WHEREFORE, Plaintiff, TWIN CITY FIRE INSURANCE COMPANY, prays that this Court enter the following relief:

A.  A declaration finding that TWIN CITY FIRE INSURANCE COMPANY owes no duty to defend or indemnify the Clearview Defendants for the claims against them in any of the Underlying Lawsuits; and

B.  For all such just and equitable relief, including costs of this suit.

**COUNT VI**
**ACCESS OR DISCLOSURE OF CONFIDENTIAL OR PERSONAL INFORMATION AND DATA RELATED LIABIITY – PERSONAL AND ADVERTISING INJURY**
**(UMBRELLA COVERAGE)**

53.  Twin City incorporates and restates the allegations of Paragraphs 1 through 32 above as if fully set forth herein.

54.  Exclusion B.4 of the Umbrella Coverage, as amended by the endorsement entitled Exclusion – Access of Disclosure Of Confidential Or Personal Information And Data Related Liability – With Limited Bodily Injury Exception, Form SX 23 15 12 15, excludes from coverage "personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential information.

55.  Even if the claims in the Underlying Lawsuits alleged "personal and advertising injury", which Twin City denies, all of the claims in the Underlying Lawsuits arise out of access to or disclosure of a person's or organization's confidential or personal information.

56.  Accordingly, Twin City owes no defense or indemnity obligations to the Clearview Defendants under either the Umbrella Coverage in the Twin City Policy for the claims against the Clearview Defendants in the Underlying Lawsuits.

22

WHEREFORE, Plaintiff, TWIN CITY FIRE INSURANCE COMPANY, prays that this Court enter the following relief:

A.     A declaration finding that TWIN CITY FIRE INSURANCE COMPANY owes no duty to defend or indemnify the Clearview Defendants for the claims against them in any of the Underlying Lawsuits; and

B.     For all such just and equitable relief, including costs of this suit.

<u>**COUNT VII**</u>
<u>**EXCLUSION - VIOLATION OF PERSON'S RIGHT OF PRIVACY CREATED BY ANY STATE OR FEDERAL ACT (PRIMARY COVERAGE)**</u>

57.     Twin City incorporates and restates the allegations of Paragraphs 1 through 32 above as if fully set forth herein.

58.     The Primary Coverage in the Twin City Policy excludes from coverage "Personal and Advertising Injury" arising out of a person's right of privacy created by any state or federal act.

59.     Even if the claims in the Underlying Lawsuits alleged "personal and advertising injury", which Twin City denies, the claims in the Underlying Lawsuits arise out of a person's right of privacy created by any state or federal act.

60.     Accordingly, Twin City owes no defense or indemnity obligations to the Clearview Defendants under the "personal and advertising injury" coverage in the Primary Coverage of the Twin City Policy for the claims against the Clearview Defendants in any of the Underlying Lawsuits.

WHEREFORE, Plaintiff, TWIN CITY FIRE INSURANCE COMPANY, prays that this Court enter the following relief:

2775714v.1

A.      A declaration finding that TWIN CITY FIRE INSURANCE COMPANY owes no duty to defend or indemnify the Clearview Defendants for the claims against them in the Underlying Lawsuits; and

B.      For all such just and equitable relief, including costs of this suit.

**COUNT VIII**
**INTELLECTUAL PROPERTY EXCLUSION**
**(PRIMARY COVERAGE)**

61.      Twin City incorporates and restates the allegations of Paragraphs 1 through 32 above as if fully set forth herein.

62.      Exclusion p.(7) of the Primary Coverage, as amended by the Business Liability Coverage Form Amendatory Endorsement, Form SS 00 60 09 15 excludes from coverage "Personal and Advertising Injury":

(i)      arising out of any actual or alleged infringement or violation of any intellectual property right; or

(ii)      any injury or damage alleged in any claim or "suit" that also alleges an infringement or violation of any intellectual property right;

63.      Exclusion p.(7)(i) excludes coverage for any "Personal and Advertising Injury" arising out of any actual or alleged infringement or violation of any intellectual property rights.

64.      Exclusion p.(7)(ii) excludes coverage for all of the claims in all of the Underlying Lawsuits because they contain allegations of infringement or violations of any intellectual property rights.

65.      The Underlying Lawsuits allege infringement or violations of intellectual property rights.

24

66.     Accordingly, Twin City owes no defense or indemnity obligations to the Clearview Defendants under the "Personal and Advertising Injury" coverage in the Primary Coverage of the Twin City Policy for the claims against the Clearview Defendants in any of the Underlying Lawsuits.

WHEREFORE, Plaintiff, TWIN CITY FIRE INSURANCE COMPANY, prays that this Court enter the following relief:

A.      A declaration finding that TWIN CITY FIRE INSURANCE COMPANY owes no duty to defend or indemnify the Clearview Defendants for the claims against them in any of the Underlying Lawsuits; and

B.      For all such just and equitable relief, including costs of this suit.

### COUNT IX
### VIOLATION OF STATUTES THAT GOVERN E-MAILS, FAX, PHONE CALLS OR OTHER METHODS OF SENDING MATERIAL OR INFORMATION
### (PRIMARY AND UMBRELLA COVERAGE)

67.     Twin City incorporates and restates the allegations of Paragraphs 1 through 32 above as if fully set forth herein.

68.     Exclusion t. of the Primary Coverage and Exclusion 24 of the Umbrella Coverage exclude from coverage "bodily injury", "property damage" and "personal and advertising injury" arising directly or indirectly out of any action or omissions that violates or is alleged to violate: (i) the TCPA; (ii) the CAN-SPAM Act of 2003; or (iii) any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003 that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

69.     Even if the claims in the Underlying Lawsuits alleged "bodily injury", "property damage" or "personal and advertising injury", which Twin City denies, the claims in the

Underlying Lawsuits arise out of (i) the TCPA; (ii) the CAN-SPAM Act of 2003; or (iii) any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003 that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

70.     Accordingly, Twin City owes no defense or indemnity obligations to the Clearview Defendants under either the Primary or Umbrella Coverages in Twin City Policy for the claims against the Clearview Defendants in the Underlying Lawsuits.

WHEREFORE, Plaintiff, TWIN CITY FIRE INSURANCE COMPANY, prays that this Court enter the following relief:

A.     A declaration finding that TWIN CITY FIRE INSURANCE COMPANY owes no duty to defend or indemnify the Clearview Defendants for the claims against them in any of the Underlying Lawsuits; and

B.     For all such just and equitable relief, including costs of this suit.

### COUNT X
### EXCLUSION APPLICABLE TO INTERNET SEARCH ACCESS, CONTENT OR SERVICE PROVIDERS
### (PRIMARY COVERAGE)

71.     Twin City incorporates and restates the allegations of Paragraphs 1 through 32 above as if fully set forth herein.

72.     Exclusion p.(8) of the Primary Coverage excludes coverage for "personal and advertising injury" arising from an offense committed by an insured whose business is an internet search, access, content or search provider.

73.     Upon information and belief, Clearview's business is an internet search, access, content or search provider.

26

74.     Exclusion p.(8) of the Primary Coverage does not apply to Paragraphs a., b., and c. of the definition of "personal and advertising injury".

75.     Accordingly, Twin City owes no defense or indemnity obligations to the Clearview Defendants under the Primary Coverage in Twin City Policy for the claims against the Clearview Defendants in the Underlying Lawsuits.

WHEREFORE, Plaintiff, TWIN CITY FIRE INSURANCE COMPANY, prays that this Court enter the following relief:

A.     A declaration finding that TWIN CITY FIRE INSURANCE COMPANY owes no duty to defend or indemnify the Clearview Defendants for the claims against them in any of the Underlying Lawsuits; and

B.     For all such just and equitable relief, including costs of this suit.

## COUNT XI
## PRIOR PUBLICATION EXCLUSION
## (PRIMARY COVERAGE)

76.     Twin City incorporates and restates the allegations of Paragraphs 1 through 32 above as if fully set forth herein.

77.     Exclusion p.(2) of the Primary Coverage excludes coverage for "personal and advertising injury" arising out of publication of material whose first publication took place before the beginning of the policy period.

78.     The Twin City Policy provides coverage for the period from August 1, 2019 through August 1, 2020.

79.     There is no coverage for "personal and advertising injury" arising out of publication of material whose first publication took place prior to August 1, 2019.

80.     Accordingly, Twin City owes no coverage to the Clearview Defendants for such claims in the Underlying Lawsuits.

WHEREFORE, Plaintiff, TWIN CITY FIRE INSURANCE COMPANY, prays that this Court enter the following relief:

A.     A declaration finding that TWIN CITY FIRE INSURANCE COMPANY owes no duty to defend or indemnify the Clearview Defendants for the claims against them in any of the Underlying Lawsuits; and

B.     For all such just and equitable relief, including costs of this suit.

**COUNT XII**
**NO COVERAGE OUTSIDE POLICY PERIODS**
**(PRIMARY AND UMBRELLA COVERAGE)**

81.     Twin City incorporates and restates the allegations of Paragraphs 1 through 32 above as if fully set forth herein.

82.     Subject to all of their terms, the Twin City Policy only provides coverage if the "bodily injury" and "property damage" occur during the policy period or if the "personal and advertising injury" is caused by an offense committed during the policy period.

83.     The Twin City Policy provides coverage for the period from August 1, 2019 through August 1, 2020.

84.     There is no coverage for an injury, damage or an offense which took place prior to August 1, 2019 under the Twin City Policy.

85.     Accordingly, Twin City owes no coverage to the Clearview Defendants for such claims in the Underlying Lawsuits.

28

WHEREFORE, Plaintiff, TWIN CITY FIRE INSURANCE COMPANY, prays that this Court enter the following relief:

A.    A declaration finding that Twin City owes no coverage to the Clearview Defendants for the matters occurring outside of the policy period in any of the Underlying Lawsuits; and

B.    For all such just and equitable relief, including costs of this suit.

**COUNT XIII**
**EXPECTED OR INTENDED EXCLUSION**
**(PRIMARY AND UMBRELLA COVERAGE)**

86.    Twin City incorporates and restates the allegations of Paragraphs 1 through 32 above as if fully set forth herein.

87.    The Twin City Policy excludes from primary and umbrella coverage "bodily injury" or "property damage" expected or intended from the standpoint of the insured.

88.    The Twin City Policy also excludes from primary coverage "personal and advertising injury" arising out of an offense committed by, at the direction of, or with the consent or acquiescence of, the insured with the expectation of inflicting "personal and advertising injury".

89.    Even if the Underlying Lawsuits alleged claims for "bodily injury", "property damage", and/or "personal advertising injury", which Twin City denies, any such claims would be barred by the Expected or Intended Exclusions in the Twin City Policy.

90.    Accordingly, Twin City owes no coverage to the Clearview Defendants for the claims asserted against them in the Underlying Lawsuit.

29

WHEREFORE, Plaintiff, TWIN CITY FIRE INSURANCE COMPANY, prays that this Court enter the following relief:

A.      A declaration finding that TWIN CITY FIRE INSURANCE COMPANY owes no duty to defend or indemnify the Clearview Defendants for the claims against them in any of the Underlying Lawsuits; and

B.      For all such just and equitable relief, including costs of this suit.

**COUNT XIV**
**CONTRACTUAL LIABILITY**
**(PRIMARY AND UMBRELLA COVERAGE)**

91.     Twin City incorporates and restates the allegations of Paragraphs 1 through 32 above as if fully set forth herein.

92.     The Twin City Policy excludes from primary coverage "bodily injury", "property damage", or "personal and advertising injury" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.

93.     The Twin City Policy also excludes from umbrella coverage liability assumed by the insured under any contract or agreement with respect to an occurrence taking place before the contract or agreement is executed.

94.     To the extent liability arising from the Underlying Lawsuits is alleged to arise by way of contractual liability, any such contractual claims would be barred in accordance with the Contractual Liability Exclusions in the Twin City Policy.

95.     Accordingly, Twin City owes no coverage to the Clearview Defendants for the claims asserted against them in the Underlying Lawsuit.

30

WHEREFORE, Plaintiff, TWIN CITY FIRE INSURANCE COMPANY, prays that this Court enter the following relief:

A.     A declaration finding that TWIN CITY FIRE INSURANCE COMPANY owes no duty to defend or indemnify the Clearview Defendants for such claims against them in any of the Underlying Lawsuits; and

B.     For all such just and equitable relief, including costs of this suit.

**COUNT XV**
**PROFESSIONAL SERVICES EXCLUSIONS**
**(PRIMARY AND UMBRELLA COVERAGE)**

96.     Twin City incorporates and restates the allegations of Paragraphs 1 through 32 above as if fully set forth herein.

97.     Exclusion B.1.j. of the Primary Coverage, as amended by the Technology Services Extension (SS 40 59 03 16) excludes from coverage "personal and advertising injury" arising out of the rendering or failure to render any professional service including computer consulting, design or programing services and web site design. The Primary Coverage also excludes "bodily injury" or "property damage" arising out of the rendering or failure to render any professional service other than the insured's "technology services".  The Umbrella Coverage's Limitation of Coverage – Technology Services endorsement (SX 22 95 10 08) similarly excludes injury or damage arising out of professional services, with an exception for injury or damage arising out of the insured's "technology services", but that exception only applies to the extent that coverage is provided by the underlying insurance.

98.     Even if the Underlying Lawsuits alleged claims "personal advertising injury", which Twin City denies, any such claims would be barred from coverage. Even if the Underlying Lawsuits

alleged claims for "bodily injury" or "property damage", any such claims would be barred from coverage to the extent that they arose out of professional services other than the insured's "technology services."

99.     Accordingly, Twin City owes no primary coverage to the Clearview Defendants for the claims asserted against them in the Underlying Lawsuit.

WHEREFORE, Plaintiff, TWIN CITY FIRE INSURANCE COMPANY, prays that this Court enter the following relief:

A.      A declaration finding that TWIN CITY FIRE INSURANCE COMPANY owes no duty to defend or indemnify the Clearview Defendants for the claims against them in any of the Underlying Lawsuits; and

B.      For all such just and equitable relief, including costs of this suit.

**COUNT XVI**
**FOLLOWING FORM ENDORSEMENT**
**(UMBRELLA COVERAGE)**

100.    Twin City incorporates and restates the allegations of Paragraphs 1 through 32 above as if fully set forth herein.

101.    Exclusion B.4. of the Umbrella Coverage, as amended by the Following Form Endorsement – Personal and Advertising Injury (SX 24 33 06 10) excludes from Umbrella Coverage damages for "Personal and Advertising Injury" that are not covered by the Primary Coverage.

102.    Accordingly, Twin City has no duty under the Umbrella Coverage to provide any additional coverage for "Personal and Advertising Injury" to the Clearview Defendants that is not provided under the Primary Coverage.

32

WHEREFORE, Plaintiff, TWIN CITY FIRE INSURANCE COMPANY, prays that this Court enter the following relief:

A.   A declaration finding that TWIN CITY FIRE INSURANCE COMPANY owes no duty under the Umbrella Coverage to provide any additional coverage for "Personal and Advertising Injury" to the Clearview Defendants that is not provided under the Primary Coverage; and

B.   For all such just and equitable relief, including costs of this suit.

**COUNT XVII**
**NO COVERAGE FOR REMEDIES OTHER THAN DAMAGES**
**(PRIMARY AND UMBRELLA COVERAGE)**

103.   Twin City incorporates and restates the allegations of Paragraphs 1 through 32 above as if fully set forth herein.

104.   The Twin City Policy excludes coverage for remedies other than damages, including fines, penalties, restitutionary, or equitable relief.

105.   To the extent that any relief is sought in the Underlying Lawsuits other than damages, no coverage is afforded for these claims.

106.   Accordingly, Twin City has no duty under the Twin City Policy to defend or indemnify the Clearview Defendants for these claims asserted against them in the Underlying Lawsuit.

WHEREFORE, Plaintiff, TWIN CITY FIRE INSURANCE COMPANY, prays that this Court enter the following relief:

2775714v.1

A.    A declaration finding that TWIN CITY FIRE INSURANCE COMPANY owes no duty to

defend or indemnify the Clearview Defendants for these claims against them in

any of the Underlying Lawsuits; and

B.    For all such just and equitable relief, including costs of this suit.

Dated:    Chicago, Illinois

March 25, 2020.

Respectfully submitted,

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP**

By:    _____*/s/ Michael J. O'Malley*_____

Katherine E. Tammaro
200 Campus Drive
Florham Park, NJ 07932

Email:    Katherine.tammaro@wilsonelser.com
Tel.:    (973) 624-0800

*– And –*

Michael J. Duffy (to be *Admitted Pro Hac Vice*)
Michael J. O'Malley
55 W. Monroe Street – Suite 3800
Chicago, IL 60603

Email:    Michael.Duffy@wilsonelser.com
          Michael.O'Malley@wilsonelser.com
Tel:    (312) 704-0550

***Attorneys for Twin City Fire Insurance Company***

34

## CERTIFICATE OF SERVICE

The undersigned, a non-attorney, hereby certifies that on March 25, 2020 the above and foregoing was electronically filed with the Clerk of the Court using the Court's e-filing system and that a true and correct copy was served on the following by U.S. Mail:

Clearview AI, Inc.
c/o The Corporation Trust Company Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Richard Schwartz
15 W. 72nd Street, Suite 23-S
New York, NY 10023

Hoan Ton-That
320 E. 11th Street, Apt. 102
New York, NY 10003

*/s/ Nicole Born*

**[X]Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.**

35