IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| SHELBY ZELONIS ROBERSON, *individually and on behalf of all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> CLEARVIEW AI, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) Civil Action No. _____ ) ) ) ) ) |

**CLASS ACTION COMPLAINT**

Plaintiff Shelby Zelonis Roberson, by counsel, for her Class Action Complaint against Defendant Clearview AI, Inc., states as follows:

NATURE OF THE CASE

1. This is a class action brought under state law to redress the unauthorized use of class members' photographs for purposes of trade in violation of Virginia Code § 8.01-40 and for violations of the Virginia Computer Crimes Act.

2. Specifically, Defendant Clearview AI, Inc., unlawfully has obtained the photographs of class members without their consent and used them for a facial recognition program for purposes of trade, i.e., to make a profit.

JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S.C. § 1332(a) as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. All members of the proposed class, including Plaintiff, resided in Virginia during the relevant time period, maintained their internet and social media accounts from Virginia, and uploaded many of the images at issue from Virginia.

## PARTIES

5. Plaintiff is an adult individual and a resident of Fairfax County, Virginia, within this judicial district.

6. Defendant Clearview AI, Inc. ("Clearview") is a Delaware corporation with its principal place of business in New York (although it does not appear to have filed the required Application for Authority with the New York Department of State, Division of Corporations).

## FACTS

7. Clearview is a for-profit company that has "scraped" billions of photographs of individuals without their consent from the internet and loaded them into a database in order to use facial recognition technology to compare photographs of unknown individuals against its database of stolen photographs of known individuals. "Scraping" is the process of extracting large amounts of information from a website. This may be accomplished by downloading individual web pages or an entire site. The downloaded content may include the text from the pages, the full Hypertext Markup Language (commonly referred to as "HTML," which is a standardized system for coding text files to achieve font, color, graphic, and/or hyperlink effects), or both the HTML and images from each web page.

8. The acquisition of the photographs violated the terms of service of the targeted internet sites.

9. Clearview licenses its technology to public and private entities in exchange for a fee.

10. For the reasons stated below, these actions violated the rights of Virginia residents, including Plaintiff and proposed class members, who uploaded their photographs to these websites from Virginia.

## PERTINENT PROVISIONS OF THE VIRGINIA CODE

11. Virginia Code § 8.01-40 provides:

**Unauthorized use of name or picture of any person; punitive damages; statute of limitations.**
A. Any person whose name, portrait, or picture is used without having first obtained the written consent of such person . . . *for the purposes of trade* . . . may maintain a suit in equity against the person, firm, or corporation so using such person's name, portrait, or picture to prevent and restrain the use thereof; and may also sue and recover damages for any injuries sustained by reason of such use. And if the defendant shall have knowingly used such person's name, portrait or picture in such manner as is forbidden or declared to be unlawful by this chapter, the jury, in its discretion, may award punitive damages.

Va. Code § 8.01-40(A) (emphasis added).

12. Clearview has violated this provision by knowingly using the pictures of class members without their written consent for the purposes of trade.

13. The Virginia Computer Crimes Act, Va. Code § 18.2-152.1 *et seq.*, also prohibits the actions taken by Clearview to steal the images of individuals in violation of the terms of service of the internet websites from which it acquired those images and thereafter to use those images for their for-profit facial recognition business.

14. For each of the actions described below, the Virginia Computer Crimes Act provides a private right of action as follows:

A. Any person whose property or person is injured by reason of a violation of any provision of this article or by any act of computer trespass set forth in subdivisions A1 through A8 of § 18.2-152.4 regardless of whether such act is

3

committed with malicious intent may sue therefor and recover for any damages sustained and the costs of suit. Without limiting the generality of the term, "damages" shall include loss of profits.

\* \* \*

E. The provisions of this article shall not be construed to limit any person's right to pursue any additional civil remedy otherwise allowed by law.

Va. Code § 152.12(A).

15. Clearview has committed multiple violations of the Virginia Computer Crimes Act.

16. ***First***, Virginia Code § 18.2-152.3 provides:

**Computer fraud; penalty.**
Any person who uses a computer or computer network, without authority and:

1. Obtains property or services by false pretenses;

2. Embezzles or commits larceny; or

3. Converts the property of another;

is guilty of the crime of computer fraud.

Va. Code § 18.2-152.3. Under the Virginia Computer Crimes Act, property is defined broadly to include the following:

"Property" shall include:

1. Real property;

2. Computers and computer networks;

3. Financial instruments, *computer data*, computer programs, computer software *and all other personal property* regardless of whether they are:

a. Tangible or intangible;

b. In a format readable by humans or by a computer;

c. In transit between computers or within a computer network or between any devices which comprise a computer; or

4

    d. Located on any paper or in any device on which it is stored by a computer or by a human; and

    4. Computer services.

Va. Code § 18.2-152.2 (emphasis added).

17. By "scraping" the images of class members in violation of the terms of service of the websites and without the consent of class members, Clearview obtained property, as defined, by false pretenses and also converted that property.

18. *Second*, Virginia Code § 18.2-152.4 provides:

**Computer trespass, penalty.**
A. It shall be unlawful for any person . . . to:
      \*      \*      \*
6. Use a computer or computer network to make or cause to be made an unauthorized copy, in any form, including, but not limited to, any printed or electronic form of computer data, computer programs or computer software residing in, communicated by, or produced by a computer or computer network.

Va. Code § 18.2-152.4(A).

19. By "scraping" the images of class members in violation of the terms of service of the websites and without the consent of class members, Clearview used a computer or computer network to make an unauthorized copy of computer data, namely the class members' images, residing in a computer or computer network.

20. *Third*, Virginia Code § 18.2-152.5 provides:

**Computer invasion of privacy; penalties.**
A. A person is guilty of the crime of computer invasion of privacy when he uses a computer or computer network and intentionally examines without authority any employment, salary, credit or any other financial *or identifying information, as defined in clauses (iii) through (xiii) of subsection C of § 18.2-186.3*, relating to any other person. "Examination" under this section requires the offender to review the information relating to any other person after the time at which the offender knows or should know that he is without authority to view the information displayed.

5

Va. Code § 18.2-152.5(A) (emphasis added). In turn, Virginia Code § 18.2-186.3 defines "identifying information" to include, *inter alia*, name, date of birth, and "***biometric data***," which includes the class members' images stolen by Clearview and used in its facial recognition program.

21. By "scraping" the images of class members in violation of the terms of service of the websites and without the consent of class members, Clearview used a computer or computer network to intentionally examine "identifying information," including "biometric data," and reviewed such information as part of its facial recognition business model "after the time at which the offender knows or should know that he is without authority to view the information displayed."

22. *Fourth*, Virginia Code § 18.2-152.5:1 provides:

> **Using a computer to gather identifying information; penalties.**
> A. It is unlawful for any person, other than a law-enforcement officer, as defined in § 9.1-101, and acting in the performance of his official duties, to use a computer to obtain, access, or record, through the use of material artifice, trickery or deception, ***any identifying information, as defined in clauses (iii) through (xiii) of subsection C of § 18.2-186.3***.

Va. Code § 18.2-152.5(A) (emphasis added). Again, Virginia Code § 18.2-186.3 defines "identifying information" to include, *inter alia*, name, date of birth, and "***biometric data***."

23. By "scraping" the images of class members in violation of the terms of service of the websites and without the consent of class members, Clearview used a computer to obtain, access, and record, through the use of material artifice, trickery or deception, identifying information, as defined in clauses (iii) through (xiii) of subsection C of § 18.2-186.3.

## CLASS ACTION ALLEGATIONS

24. The proposed Class consists of thousands of persons; thus, the members of the Class are so numerous that joinder of all class members is impracticable.

6

25. The following are questions of law or fact common to the Class:

- Whether Clearview violated Virginia Code § 8.01-40;

- Whether Clearview violated the Virginia Computer Crimes Act;

- Whether Clearview knowingly used class members' names, portraits, or pictures in such manner as is forbidden or declared to be unlawful, thereby warranting an award of punitive damages;

- Whether injunctive relief should be granted to class members to prohibit the use of their stolen data and to order its deletion.

26. Further, the Plaintiff's claims are typical of the claims of the class as the underlying facts and the violations alleged are precisely the same for all members of the proposed class.

27. Moreover, the Plaintiff will fairly and adequately protect the interests of the class as she has no interests that are adverse or antagonistic to those of the class.

28. Finally, consistent with Federal Rule of Civil Procedure 23(b)(3), questions of law or fact common to putative class members predominate over questions affecting only individual members and a class action is superior to other available methods (i.e., individual pursuit of litigation) for fairly and efficiently adjudicating the controversy.

29. The proposed Class is as follows:

All Virginia residents whose names, portraits, or pictures were used by Clearview for purposes of trade without their written consent or who were injured by Clearview's violations of the Virginia Computer Crimes Act.

COUNT 1: VIOLATION OF VIRGINIA CODE § 8.01-40

30. The previous allegations are incorporated.

31. By virtue of the facts stated above, Clearview knowingly violated Virginia Code § 8.01-40.

32. As a result of these knowing violations, Plaintiff and members of the class have been damaged.

## COUNT 2: VIOLATIONS OF THE VIRGINIA COMPUTER CRIMES ACT

33. The previous allegations are incorporated.

34. By virtue of the facts stated in this complaint, Clearview has violated the provisions of the Virginia Computer Crimes Act identified above.

35. As a result of these violations, Plaintiff and members of the class have been damaged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

A. That this Court certify this action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2), in accordance with the class description proposed above and award injunctive relief prohibiting Clearview from continuing the practices identified above and mandating the deletion of all class members' data from all Clearview databases.

B. That this Court certify this action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3), in accordance with the class description proposed above;

C. An award of compensatory damages;

D. An award of punitive damages;

E. An award of attorney's fees and costs;

F. Such other preliminary and equitable relief as the court determines to be appropriate; and,

G. Such other and further relief as to the Court may appear just.

JURY DEMAND

Trial by jury is demanded as to all claims.

SHELBY ZELONIS ROBERSON<br>By Counsel

WEBSTER BOOK LLP

By: */s/ Steven T. Webster*
    Steven T. Webster (VSB No. 31975)
    swebster@websterbook.com
    Aaron S. Book (VSB No. 43868)
    abook@websterbook.com
    300 N. Washington St., Suite 404
    Alexandria, VA 22314
    (888) 987-9991 (telephone and fax)
    *Counsel for Plaintiff*